IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DYANA HESSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. |
| | : | |
| PLAZA AZTECA MECHANICSBURG, | : | |
| INC.; PA GLOBAL, INC.; RUBEN | : | |
| LEON; and JALEL RONIN, | : | |
| | : | |
| Defendants. | : | ELECTRONICALLY FILED |

**COMPLAINT FOR INJUNCTION AND DAMAGES**

Plaintiff Dyana Hesson, for her Complaint against Defendants, alleges direct, contributory, and vicarious copyright infringement as follows.

**INTRODUCTION**

1. This action for copyright infringement arises from Defendants' blatant unauthorized copying and display of a successful original painting of Plaintiff Dyana Hesson.

2. Ms. Hesson is well known for her oil paintings depicting botanical subjects. Her work is in the permanent collections of museums including Scottsdale's Museum of the West and the Phoenix Sky Harbor Museum, corporate collections including the Mayo Clinic, and is collected worldwide.

3. Among Ms. Hesson's original paintings is "Arizona Gold," a stylized depiction of a prickly pear cactus with a blooming flower. An image of "Arizona Gold" is attached hereto as **Exhibit 1**.

4. Defendant Jalel Ronin without permission reproduced an exact copy of "Arizona Gold" as a mural covering an entire wall in the Plaza Azteca restaurant in Mechanicsburg, Pennsylvania, at the behest of Defendants Plaza Azteca Mechanicsburg, Inc., its parent company PA Global, Inc., and owner and officer Ruben Leon. The infringing mural has been displayed in Defendants' restaurant since 2022. Despite being told the work is protected by copyright and being asked to stop the infringing display, Defendants have willfully continued to engage in copyright infringement.

## PARTIES, VENUE, AND JURISDICTION

5. Ms. Hesson is a resident of the city of Mesa, Arizona.

6. Plaza Azteca Mechanicsburg, Inc. ("Plaza Azteca Mechanicsburg") is a Pennsylvania domestic business corporation with its principal place of business at 5470 Carlisle Pike, Mechanicsburg, Pennsylvania.

7. Upon information and belief, PA Global, Inc. ("PA Global") is the parent or holding company of Plaza Azteca Mechanicsburg and is a Virgina corporation with its principal place of business at 12099 Jefferson Avenue, Newport News, Virgina 23606, and a registered agent at 1557 Winthrope Drive, Newport

News, Virginia 23602. PA Global owns the Plaza Azteca chain of restaurants which has over thirty locations in states along the East Coast.

8. Upon information and belief, Ruben Leon is an owner or officer of Plaza Azteca Mechanicsburg, is president of PA Global, and is a resident of Virgina Beach, Virgina.

9. Upon information and belief, Mr. Ronin is a resident of the State of North Carolina.

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright Act of 1976, 17 U.S.C §§ 101 *et seq*.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the infringing mural was created and permanently installed in this district, and all defendants are subject to personal jurisdiction in this district.

## GENERAL ALLEGATIONS

12. Ms. Hesson's career as a painter spans more than thirty years. She has received national awards, has published two books containing her work, has been featured in American Art Collector Magazine, and is represented by galleries in Scottsdale, New York City, and Santa Fe.

13. Ms. Hesson sells large original paintings and accepts commissions to create murals. Ms. Hesson is a full-time artist and the sale of her works, and rights in her works, is her primary income.

### "Arizona Gold" is Protected by a Registered Copyright

14. Ms. Hesson painted "Arizona Gold" in 2019. Its composition, radiant colors, stylization, and manner of rendering its subject are highly original.

15. Ms. Hesson promptly registered her copyright. The Copyright Act encourages prompt registration by providing remedies of statutory damages and attorneys' fees when a copyright is registered before infringement occurs. Ms. Hesson's copyright registration for "Arizona Gold" was effective January 27, 2021. A copy of her Registration Certificate is attached hereto as **Exhibit 2**.

### Jalel Ronin Copied Ms. Hesson's Painting as a Large Mural at Plaza Azteca

16. On or about September 15, 2024, Mr. Ronin posted on his Instagram account, jalel_ronin, several images of a mural which he painted on the wall of the Plaza Azteca Mechanicsburg restaurant. Screenshots of those posts are attached hereto as **Exhibit 3.**

17. Although there could be no doubt the mural was a copy based simply on visual comparison, Mr. Ronin also posted a video of himself copying "Arizona Gold" in painting the mural. In the video Mr. Ronin holds in one hand an image of Ms. Hesson's "Arizona Gold" while painting the mural with the other hand.

18. The resulting mural is an exact copy of Plaintiff's work:



| Ms. Hesson's original | Defendants' Mural |

19. Upon information and belief, Mr. Ronin was hired by Plaza Azteca Mechanicsburg and its parent company to paint the infringing mural.

20. Upon information and belief, based on a caption accompanying his posts: "Pensilvania [sic] 2022," Mr. Ronin appears to have painted the mural sometime in 2022.

21. Rather than developing his own work or using images in the public domain, Mr. Ronin copied Ms. Hesson's protected and valuable original authorship.

Unlike Ms. Hesson, Mr. Ronin has not spent years developing original paintings and murals of southwestern botanicals.

22. As an artist himself, Mr. Ronin is undoubtedly aware that original paintings are protected by copyright; his copying despite this knowledge makes his infringement willful.

23. In the fall of 2024, Ms. Hesson discovered the infringing mural and its location at Plaza Azteca Mechanicsburg. On or about November 15, 2024, through her counsel, she wrote to the named Defendants informing them that "Arizona Gold" was protected by copyright and that the mural in Plaza Azteca Mechanicsburg was infringing. Defendants did not respond, and in contumacious disregard for Plaintiff's copyright have continued to display the mural in the Mechanicsburg restaurant. Defendants' infringement is and continues to be willful. It is also highly damaging because it does not reflect Ms. Hesson's artistic excellence, and communicates to the public that the substandard spray-painted mural at Defendants' restaurant is her work.

## COUNT I
## COPYRIGHT INFRINGEMENT

*against Plaza Azteca Mechanicsburg, Inc. and Jalel Ronin*

24. Plaintiff incorporates by reference all of the foregoing allegations.

25. Plaintiff owns a registered copyright in "Arizona Gold."

26. Plaza Azteca Mechanicsburg and PA Global have and continue to copy and display an exact copy of "Arizona Gold" in their restaurant located in Mechanicsburg.

27. Mr. Ronin copied and distributed a copy of "Arizona Gold" by creating a mural which is a direct copy of the protected work.

28. Plaza Azteca Mechanicsburg and Mr. Ronin were never authorized to copy the Arizona Gold image.

29. Plaza Azteca Mechanicsburg and Mr. Ronin have realized unlawful profits from the unauthorized reproduction, preparation of derivative works, display, and distribution to the public of a mural copying Plaintiff's original work "Arizona Gold."

30. The conduct of Plaza Azteca Mechanicsburg and Mr. Ronin violates Plaintiff's exclusive rights under 17 U.S.C. § 106.

31. Plaza Azteca Mechanicsburg has had actual knowledge of Plaintiff's copyright in "Arizona Gold" at least since receiving Ms. Hesson's November 15, 2024 demand letter. The past and continuing infringement by Plaza Azteca Mechanicsburg is willful.

32. Mr. Ronin further infringed Ms. Hesson's copyright by displaying her work and his infringing copy without permission on his Instagram account. Mr. Ronin's past and continuing infringement is willful.

33. Defendants' infringing conduct threatens to continue, unless permanently enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
*Against Plaza Azteca Mechanicsburg, Inc., PA Global, Inc., and Ruben Leon*

34. Plaintiff incorporates by reference all of the foregoing allegations.

35. Upon information and belief, Plaza Azteca Mechanicsburg, PA Global, and Ruben Leon profited as a result of having knowingly induced, fostered, caused, materially contributed to, or participated in the unauthorized reproduction, display, and distribution of Plaintiff's "Arizona Gold."

36. Upon information and belief, Plaza Azteca Mechanicsburg is contributorily liable for the copyright infringement alleged herein because it had knowledge that Plaintiff's protected work was being copied, and materially contributed to the infringing activity by directing and assisting in the reproduction and providing the wall for the infringing reproduction and display.

37. Upon information and belief, PA Global contributes to the infringing activity by directing and controlling all the infringing activities of Plaza Azteca Mechanicsburg, as its parent company.

38. Upon information and belief, Mr. Leon, as an owner and/or officer of Plaza Azteca Mechanicsburg and PA Global, contributes to the infringing activity by directing and controlling the engagement of the infringing artist Jalel Ronin,

supervising the infringing activity of Plaza Azteca Mechanicsburg, and directing the continued infringing display of the copied mural.

39. Due to the acts of contributory infringement of Plaza Azteca Mechanicsburg, PA Global, and Mr. Leon, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be established at trial.

40. Due to Defendants' acts of contributory infringement, Defendants have obtained direct and indirect profits they would not have realized but for their infringement of Plaintiff's protected authorship.

41. Upon information and belief, Defendants continue to profit from the display of the infringing mural. The continuing infringing display of the mural constitutes willful, deliberate, and ongoing infringement of Plaintiff's copyright, causing actual and continuing damage and irreparable harm to Plaintiff. Plaintiff has no adequate remedy at law.

## COUNT III
## VICARIOUS COPYRIGHT INFRINGEMENT
### *Against PA Global, Inc. and Ruben Leon*

42. Plaintiff incorporates by reference all of the foregoing allegations.

43. Upon information and belief, PA Global and Ruben Leon profited and continue to profit from the unauthorized reproduction, display, and distribution of Plaintiff's "Arizona Gold," and have the right and ability to control the infringing conduct.

44. Upon information and belief, PA Global and Mr. Leon are vicariously liable for the copyright infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had and have a direct financial interest in it.

45. Upon information and belief, PA Global and Mr. Leon entered into or directed their companies to enter into an agreement with Mr. Ronin to paint the infringing mural at the Plaza Azteca Mechanicsburg location.

46. Upon information and belief, PA Global, as the parent company of Plaza Azteca Mechanicsburg, has the right and ability to prevent its subsidiary from engaging in infringing activities, and receives financial benefit, including profits, from the infringing display at the Plaza Azteca Mechanicsburg restaurant.

47. Upon information and belief, PA Global also receives financial benefit from customers who are drawn to the Plaza Azteca Mechanicsburg and other Plaza Azteca locations because of the mural painted by Mr. Ronin. Customers of the Mechanicsburg location routinely post pictures of the unauthorized Arizona Gold mural with reviews of the restaurant. An example of a recent post by a customer, taken in December of 2024, is attached hereto as **Exhibit 4**.

48. Upon information and belief, Mr. Leon, as an officer or owner of Plaza Azteca Mechanicsburg and PA Global, has the right and ability to supervise the activities of each of those companies, and prevent those companies from engaging in infringing activities, and receives financial benefit, including salary and profits, from the success of Plaza Azteca Mechanicsburg and PA Global which have and continue to realize revenue and profits from display of the infringing mural at the Plaza Azteca Mechanicsburg location.

49. Upon information and belief, Mr. Leon, as an officer or owner of Plaza Azteca Mechanicsburg and PA Global, receives financial benefit from customers who are drawn to the Plaza Azteca Mechanicsburg and other Plaza Azteca locations because of the infringing mural of Ms. Hesson's "Arizona Gold."

50. Due to PA Global and Mr. Leon's acts of vicarious infringement, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be established at trial.

51. Due to PA Global and Mr. Leon's acts of vicarious infringement, Defendants have obtained direct and indirect profits they would not have realized but for their infringement of Plaintiff's protected authorship.

52. Upon information and belief, PA Global and Mr. Leon continue to profit from display of the infringing mural. The continuing infringing display of the mural constitutes willful, deliberate, and ongoing infringement of Plaintiff's

copyright, causing actual and continuing damage and irreparable harm to the Plaintiff. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.  That Defendants, their directors, officers, agents, representatives, subsidiaries, and affiliates and all persons acting by, through, or in concert with any of them, be permanently enjoined from:

1) infringing or contributing to or participating in the infringement of Plaintiff's copyrighted work, or acting in concert with others to infringe Plaintiff's copyrighted work in any way;

2) copying, duplicating, creating derivative works from, selling, marketing, displaying, or distributing in any manner Plaintiff's copyrighted work;

B.  That Defendants be required to pay Plaintiff all damages sustained as a result of Defendants' copyright infringement pursuant to 17 U.S.C. § 504;

C.  That Defendants be required to account for and disgorge to Plaintiff all gains, profits, and advantages derived from their copyright infringement pursuant to17 U.S.C. § 504(b);

D.  That Defendants be required to pay Plaintiff statutory damages, which should be increased due to Defendants' willful infringement pursuant to 17 U.S.C. § 504(c);

E.  That Defendants be required to pay Plaintiff's costs and reasonable attorneys' fees under 17 U.S.C. § 505; and

F.  That Plaintiff be granted such other relief as is just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial of all issues triable to a jury in this matter.

Date: February 12, 2025

Respectfully submitted,

MYERS, BRIER & KELLY, LLP

*/s/ Richard Armezzani*
Daniel T. Brier (PA 53248)
Richard L. Armezzani (PA 322804)
425 Biden Street, Suite 200
Scranton, PA 18503
dbrier@mbklaw.com
rarmezzani@mbklaw.com

BARDACKE ALLISON MILLER LLP

By: */s/ Benjamin Allison*
Benjamin Allison
(*pro hac vice* forthcoming)
Billy Trabaudo
(*pro hac vice* forthcoming)
141 E. Palace Avenue
Santa Fe, NM 87501
505-995-8000
ben@bardackeallison.com
billy@bardackeallison.com

*Counsel for Plaintiff Dyana Hesson*